### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARWIN MONTANA,**
**No. 10006-424,**

**Petitioner,**

     **vs.**                                  **Case No. 14-cv-1019-DRH**

**JAMES N. CROSS,**

**Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Darwin Montana is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, where he is serving a total sentence of 322 months. *United States v. Montana*, No. 99-cr-1691 (N.D. Ill. March 16, 1999), *aff'd* 199 F.3d 947 (7th Cir. 1999).  He was found guilty by a jury of aiding and abetting a bank robbery in which his cohort used a gun. Petitioner was not present during the actual robbery and claimed to have no advance knowledge of the crime, but he drove the getaway car.  He was sentenced to 262 months on the bank robbery conviction, and to a consecutive sentence of 60 months under 18 U.S.C. § 924(c) because the firearm was used to commit a crime of violence.

On September 19, 2014, petitioner brought this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 1).  He attacks only the firearm conviction, arguing that under the recent Supreme Court case of *United States v. Rosemond*, 134 S. Ct. 1240 (2014), the jury instructions on the issue of

accountability for the gun offense were erroneous, and the § 924(c) conviction and sentence should be vacated.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

**Background**

Petitioner claims that he gave James Dodd a ride to a public assistance office on January 22, 1998 (Doc. 1-1,pp. 3-4). He had car trouble, so he stopped at a Jewel-Osco parking lot to examine the engine. While petitioner was occupied with the car, Dodd walked to a nearby bank, pointed a handgun at a teller, and demanded money. He then walked back to the parking lot with his loot and got into petitioner's car. In petitioner's words, they then "fled" and were followed by police officers in "a high-speed chase" (Doc. 1-1, p. 3).

Dodd pled guilty to the bank robbery and weapon charge, and later testified at petitioner's jury trial. Dodd asserted that petitioner had no advance knowledge that he would rob the bank or use a gun in the crime. *Id.*; *Montana*,

199 F.3d 947, 948.  The jury returned a not guilty verdict against petitioner on a conspiracy charge, but convicted him on the bank robbery and weapon charge on a theory of accomplice liability.

Petitioner timely appealed his convictions, raising arguments that his trial attorney rendered ineffective assistance because he passed a note from Dodd to petitioner's mother that turned out to be a demand for money in exchange for his favorable testimony, and because he called Dodd as a witness; and that the testimony of a U.S. marshal regarding Dodd's verbal demand for money was inadmissible hearsay.   The Seventh Circuit affirmed the convictions, and the Supreme Court denied review.

On April 30, 2001, petitioner filed a timely motion for relief under 28 U.S.C. § 2255, *Montana v. United States*, No. 01-C-3098.  He was represented by the same attorney who handled his appeal, and sought relief on the basis that trial counsel had been ineffective and that the government should not have been allowed to rely on hearsay evidence to meet one element of the bank robbery offense (the fact that the bank was federally insured).  Petitioner also submitted a *pro se* brief arguing that the court lacked jurisdiction to sentence him.  The § 2255 motion was denied on August 24, 2001.

Petitioner subsequently filed a number of motions for reduction of sentence in his criminal case, all of which were denied.  The Seventh Circuit affirmed the denial, noting that the district court should have treated the filings as unauthorized successive motions under § 2255 (Doc. 116 in criminal case).

**The Petition**

Petitioner argues that under *United States v. Rosemond*, 134 S. Ct. 1240 (2014), the jury instructions on his firearm charge were erroneous because they failed to require jurors to find that he had advance knowledge that Dodd would commit a bank robbery and use a gun in the crime.  He asserts that the trial court should have directed the jury to determine whether he knew about the gun in sufficient time to withdraw from the crime of bank robbery (Doc. 1-1, p. 5).  Instead, he claims the jury was instructed that if they found that Dodd had committed the robbery with a handgun, they should also find petitioner guilty.  According to the petition, he had no prior knowledge that Dodd planned to rob the bank or use a handgun.  His only knowledge of the crime came "when Dodd jumped into the vehicle in the parking lot of the Jewel-Osco" (Doc. 1-1, p. 10).

*Rosemond* held that with respect to a charge of aiding and abetting the offense of using a firearm in the commission of a violent crime or drug felony, 18 U.S.C. § 924(c), an unarmed defendant must be proven to have had advance knowledge that his confederate would carry a gun.  134 S. Ct. at 1249.  This means he must have had "knowledge at a time the accomplice can do something with it – most notably, opt to walk away."  *Id.* at 1249-50. *Rosemond* involved a drug deal where one person pulled a gun unexpectedly, leaving the other unarmed participants without an opportunity to drop out of the crime-in-progress.

## Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide

federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  Here, petitioner is attacking the validity of his conviction and sentence, thus a § 2255 motion is the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence.  28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' ") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002).  *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction

relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner's reliance on *United States v. Rosemond*, 134 S. Ct. 1240 (2014), does not bring his claim within the savings clause.  With respect to the three conditions above, *Rosemond* is indeed a statutory interpretation case. And because *Rosemond* was decided in 2014, petitioner could not have invoked this particular case in his § 2255 motion.  However, *Rosemond* involved a direct appeal from a criminal conviction.  The Supreme Court gave no indication that its decision in *Rosemond* should be given retroactive application to a case on collateral review, such as the instant action.  Furthermore, this Court could find no decision either from the Seventh Circuit or its sister Courts of Appeal in which *Rosemond* was applied retroactively.  *See, e.g., United States v. Newman*,

755 F.3d 543, 546-47 (7th Cir. 2014) (discussing *Rosemond* in context of direct appeal from conspiracy conviction); *United States v. Davis*, 750 F.3d 1186, 1192-93 (10th Cir. 2014) (suggesting prospective application only: "After *Rosemond,* a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); *Berry v. Capello*, No. 12-2402, 2014 WL 3973385, at *12 (6th Cir. Aug. 14, 2014) (in a § 2254 case, "The Supreme Court did not state whether the principles explained in *Rosemond* apply retroactively to convictions that are final under state law.").   Likewise, district courts that have considered the question have concluded that a claim based on *Rosemond* is not cognizable under § 2241.   *See, e.g.*, *Rainwater v. Werlich*, No. 14-cv-994, 2014 WL 4273631, *2 (D. La. Aug. 29, 2014) (relief not available in § 2241 under savings clause of § 2255(e) because *Rosemond* has not been declared retroactively applicable by Supreme Court); *Gentile v. Fox*, 2014 WL 3896065, *8 (C.D. Cal. July 11, 2014) ("The [*Rosemond*] case did not involve an actual innocence claim, but rather merely an instructional error claim, and there is no indication in the decision that the rule declared therein regarding what it takes to aid and abet a § 924(c) offense would apply retroactively on collateral review.").

The undersigned finds no reason to depart from the conclusion reached by these other courts that have considered this matter.   *Rosemond* has not been applied retroactively to a collateral challenge, thus petitioner's request for relief does not fit within the savings clause of § 2255(e).   He thus cannot bring his claim in a § 2241 petition.

By petitioner's own description of the events, it appears that the evidence supported his firearm conviction even under the more favorable standard of *Rosemond*. He claims that he had no advance knowledge that Dodd would rob the bank, and his "only knowledge" of the crime was when Dodd jumped in his car with the stolen money and gun. At that point, petitioner had a choice whether to aid and abet the robbery by driving the getaway car,[1] or to step away from involvement by exiting the car or otherwise renouncing any complicity in the crime. Instead, he drove Dodd away from the scene in a "high-speed chase." Based on those facts, if jurors had been instructed according to *Rosemond*, they could reasonably have found that petitioner had knowledge of Dodd's use of the gun in the robbery before he chose to become the getaway driver.

**Disposition**

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the

---

[1] *See United States v. Newman*, 755 F.3d 543, 546 (7th Cir. 2014), discussing *Rosemond* and noting that "aiding-and-abetting convictions are proper even though each participant commits a subset of the crime's elements—indeed, even though it would have been impossible for some participants to have committed some elements."

issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[2]  It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: October 9, 2014**

Digitally signed by David R. Herndon
Date: 2014.10.09 15:09:10 -05'00'

**United States District Judge**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).